# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 281

KRAUSE v. McBRIDE, Treas. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6023. Decided Dec. 14, 1925

639. INJUNCTIONS—Where suit is brought to enjoin the bringing of an action, which in itself is also equitable in nature, the rights of both parties will be adjudicated in one action.

544. FORECLOSURE—Where authorized by statute as remedy in case of delinquent taxes, cannot be enjoined.

LEVINE, P. J.

Action by Laura Krause in the Cuyahoga Common Pleas to enjoin the County Auditor and Treasurer from collection of taxes on four lots owned by her. It appears that the lots were originally owned by one Murphy, now deceased; and were transferred by him by warranty deed to the Yale Realty Co. in 1916. The County Auditor by error failed and neglected to make the proper entry on the duplicate for 1917 as a result of which the property was listed in the name of the original owner until 1922, altho the ownership of same changed several times, during which time a large sum of money accumulated by way of unpaid taxes.

This error was discovered by the Auditor in 1922, and the said Laura Krause was notified that unless the delinquent taxes were paid, foreclosure proceedings would be instituted. This action was brought for the purpose of preventing such action and the decision in the lower court was for McBride, treasurer. On review the Court of Appeals held:

1. The law expressly authorizes foreclosure proceedings in such cases.

2. Inasmuch as foreclosure is equitable in its nature, and as this action is also equitable the rights of Krause will be adjudicated in the same action.

3. Injunction will not be granted where the statute expressly provides that the action which is sought to be enjoined may be prosecuted.

Judgment affirmed.

Attorneys—T. J. Long for Krause; E. C. Stanton for McBride; both of Cleveland.